**Thomas J. GREEN, Plaintiff–Appellant,**

v.

**Nurse MONROE, et al., Defendants–Appellees.**

**No. 01–2743.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge.*

This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Thomas J. Green, an inmate at the Alger Maximum Correctional Facility, filed suit against defendants Nurse Monroe, Corrections Officer Campbell, Corrections Officer Jacobson, Corrections Officer Hall, Corrections Officer Ollila, Corrections Officer Barney,

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

Assistant Deputy Warden Ron Bobo, Deputy Warden Ken Gearin, Sergeant Berg, Pat Molone, Assistant Resident Unit Manager Carberry, Warden Barbara Bouchard, Nurse Cheatham, Karen Scheaffer, R.N. Acting Deputy Warden Kenneth Epps, and Shift Commander John Doe. Green's claims may be fairly summarized as follows: 1) defendant Monroe was deliberately indifferent to his serious medical needs; 2) the conduct of defendants Hall, Ollila, and Barney made it impossible for him to take his pain medication in the evening; 3) Carberry, Bobo, and Bouchard denied him toothpaste for approximately six months; 4) defendants Ollila and Hall inferred that he was a "snitch" in front of other inmates; 5) the conduct of defendants Jacobson, John Doe, Campbell, Bobo, and Bouchard resulted in his placement on "food loaf" in violation of Michigan Department of Corrections (MDOC) policy; 6) defendants Molone and Gearin violated his procedural due process rights by placing him on modified access to the MDOC grievance procedure; 7) he was placed on modified access to the grievance procedure in retaliation for his use of the grievance process; 8) his placement on modified access to the grievance procedure violated his right of access to the courts; 9) his cell was too cold; and 10) defendants Hall and Ollila wrote false misconduct tickets on him in order to have him placed in administrative segregation. Green's complaint did not specify whether the MDOC officers were named in their official or individual capacities.

The magistrate judge concluded that Green failed to state a claim upon which relief can be granted and recommended that the complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e. In his report and recommendation, the magistrate judge recommended dismissal because Green failed to file suit against defendants in their individual capacities. The magistrate judge also thoroughly analyzed the claims and set forth in detail why each of the claims failed to state a cognizable constitutional violation under 42 U.S.C. § 1983. Green objected to the magistrate judge's report and recommendation and moved the district court for amendment of his complaint for the purpose of stating the amount of money he sought to recover and to indicate that he was suing the defendants in their individual capacities. The district court denied Green's motion to amend and adopted the magistrate judge's report and recommendation over Green's objections.

In his timely appeal, Green essentially reasserts the claims set forth in the district court.

Upon review, we conclude that the district court properly dismissed Green's case for failure to state a claim.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation of September 27, 2001, as adopted by the district court in its judgment of November 1, 2001.